ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MICHAEL P. TIERNEY,                  :
                                     :
                                     :
              Plaintiff,             :        06 Civ. 14302(LTS)(THK)
                                     :
                                     :
-against-                            :
                                     :        **MEMORANDUM OPINION**
                                     :        **AND ORDER**
OMNICOM GROUP, INC.,                 :
                                     :
                                     :
                                     :
              Defendant.             :
------------------------------------X

**THEODORE H. KATZ, United States Magistrate Judge.**

In this action, Plaintiff Michael P. Tierney ("Plaintiff" or "Tierney") asserts several New York common law claims against Defendant Omnicom Group, Inc. ("Defendant" or "Omnicom") concerning stock options to which he claims he is entitled. The matter was referred to this Court for general pretrial supervision pursuant to 28 U.S.C. § 636(b)(1)(A).

Presently before the Court is Defendant's letter-application for a protective order seeking to preclude Plaintiff from taking his own deposition on September 25, 2007, in order to preserve his testimony. (See Letter from Christopher R. Harris, Esq. to the Court, dated Sept. 13, 2007 ("Harris Ltr.".) The purported motivation for Plaintiff's proposed "self-deposition" is that his employment as a senior officer of a Russian financial institution takes him to Russia on a regular basis, thus posing a risk that he will suffer bodily harm. He therefore seeks to preserve his

testimony in order "to address, under oath and cross-examination, the defamatory charges made against him by Omnicom," in this litigation and a parallel securities litigation in this Court — In re Omnicom Group, Inc. Secs. Litig., No. 02 Civ. 4483 (WHP)(MHD) ("the securities litigation"). (See Letter from William C. Rand, Esq. to the Court, dated Sept. 14, 2007 ("Rand Ltr.").)

Defendant seeks to preclude the deposition, arguing: (1) it has the right to schedule Plaintiff's deposition at a time it chooses; (2) September 25th is not a suitable time for Plaintiff's deposition, as documentary discovery is in its early stages and, therefore, Defendant is not in a position to meaningfully cross-examine Plaintiff, which would be necessary in order for Plaintiff's deposition testimony to be admissible in evidence should Plaintiff truly be unavailable at trial; (3) a motion to dismiss the remaining claims in this action is being briefed before the District Court and it is uncertain which, if any, claims will survive; (4) the likelihood of Plaintiff's death or incapacitation is remote; and (5) Plaintiff's true motivation for the deposition is to assist the plaintiffs in the parallel securities litigation by allowing him to correct his testimony in that litigation, which undermined both the plaintiffs' position as well as Tierney's credibility.

## DISCUSSION

There is nothing in the Federal Rules of Civil Procedure that

2

precludes a party from taking his own deposition in order to preserve his testimony. Nevertheless, a self-deposition is a fairly rare event, normally reserved for "exceptional circumstances", Smith v. Morrison-Knudsen Co., 22 F.R.D. 108, 115-16 (S.D.N.Y. 1958), for example, when a party suffers a terminal illness and there is a "high risk" of his unavailability at trial. See In re "Agent Orange" Prod. Liability Litig., No. MDL 381, 1980 WL 324478, at *1-2 (E.D.N.Y. Jan. 18, 1980). It is in this context, combined with a party's right to a protective order to shield it from "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26©), that Defendant's objection to Plaintiff's self-deposition will be considered.

As an initial matter, Plaintiff's purported concern with the possibility of being murdered while on business in Russia, is not, in the Court's view, an exceptional circumstance, and, in any case, gives rise to skepticism. While the Court can take judicial notice of the risk certain businessmen face in Russia, particularly if they pursue a course which is unfavorable to the government or organized crime, Russia is not Iraq, and the murder of foreigners engaged in lawful business activity is a very remote possibility. Certainly, Plaintiff has not provided any evidence to the contrary.

The Court's skepticism about Plaintiff's true motivation for jump-starting his own deposition is fueled by Defendant's rather persuasive argument that the true reason Plaintiff seeks to take

3

his own deposition is to evade a discovery ruling and provide

assistance to the plaintiffs in the Omnicom Securities Litigation.

In that litigation, a central issue is whether Omnicom controlled

a limited liability company it formed - Seneca Investments LLC.   In

a June 2006 deposition in the Omnicom securities litigation,

Plaintiff's testimony "squarely support[ed] [Omnicom's] contention

that Seneca in fact operated independently of Omnicom." (See In re

Omnicom Group Secs. Litig., No. 02 Civ. 4483 (WHP)(MHD) (S.D.N.Y.),

Report and Recommendation and Memorandum and Order ("USMJ Dolinger

Opinion"), Exhibit 3 to Declaration of Christopher R. Harris, dated

Sept. 13, 2007 ("Harris Decl.").)   Yet, when Tierney subsequently

filed the instant action, claiming that his Omnicom stock options

did not cancel when he joined Seneca, Plaintiff alleged that

Omnicom controlled Seneca and that Seneca was an Omnicom

subsidiary. (See Second Amended Complaint ¶¶ 122-28.)   Because

Plaintiff's allegations in this action, which appear to be

inconsistent with Plaintiff's deposition testimony in the

securities litigation, would be helpful to the plaintiffs in the

securities litigation, they attempted to re-depose Plaintiff.

Judge Dolinger, the magistrate judge presiding over the pretrial

discovery in the securities litigation, denied the request,

stating:

> Moreover, the sequence of events – - Mr. Tierney's
> testimony last year, his efforts thereafter to exercise
> options granted to him by Omnicom (over five years after
> he left Omnicom), and his filing of a complaint

4

accompanied by suggestions that if Omnicom did not settle the case it would risk damage to its position in this lawsuit - - puts into serious question the credibility of any testimony that Mr. Tierney might give in the future on these topics.

(USMJ Dolinger Opinion, at 52.)

Shortly thereafter, Plaintiff issued his notice to take his own deposition in this action on September 25, 2007. Plaintiff also submitted an affidavit in the securities litigation which attempted to refute his prior inconsistent statements and attribute some of his testimony to Omnicom's concealment of crucial documents. (See Ex. 6 to Harris Decl.) Then, in their objections to Judge Dolinger's Opinion barring a subsequent deposition of Tierney, the securities litigation plaintiffs argued that since Plaintiff was going to be deposed in this action on September 25, they should be given an opportunity to participate in the deposition. In fact, Plaintiff has apparently consented to the securities litigation plaintiffs questioning him at his self-deposition. Finally, even in his opposition to Defendant's application for a protective order, Tierney acknowledges that he noticed his own deposition in an effort "to address the defamatory charges made against him by Omnicom," in the securities litigation as well as the instant action. (Rand Ltr., at 2.) There is thus a clear link between Plaintiff's attempt to notice his own deposition for September 25th and the prosecution of the securities litigation, where the plaintiffs were denied the opportunity to re-

5

depose Plaintiff.

To be fair, Tierney vigorously disputes that his prior testimony in the securities litigation and his position in this litigation are inconsistent, and he attributes any ambiguity to the fact that the true facts of the Omnicom/Seneca relationship were concealed from him by Omnicom. The Court has drawn no conclusion with respect to the parties' heated disagreement on this subject. Nevertheless, given the events that have transpired in the securities litigation, and the timing of the proposed self-deposition, combined with Plaintiff's dubious concern about the fate that may befall him in Russia, the Court concludes that the motivation for the self-deposition is one of tactical advantage rather than need.

In addition, should Plaintiff's deposition be taken in the next two weeks, it would result in prejudice to Defendant and the expenditure of unnecessary time and expense. First, to allow Plaintiff to schedule his own deposition, two months before the date for which Defendant has noticed the deposition, would undermine the presumption that a party has the right to schedule adverse depositions at a time it selects, whether for strategic purposes or otherwise. Moreover, there is no disagreement that for Plaintiff's deposition testimony to be admissible in evidence, Plaintiff must be "unavailable" for trial and Defendant must have an opportunity to meaningfully cross-examine Plaintiff at the

6

deposition. (See Fed. R. Evid. 804(b)(1).)   Defendant argues that
it will not be in a position to meaningfully depose Plaintiff
because it is still engaged in securing documentary discovery that
it needs to examine Plaintiff.  Although Plaintiff contends that he
has produced all responsive documents in his custody and control,
Defendant disagrees and argues that it awaits, and will seek, other
documents.

Plaintiff argues that even if the deposition is not completed,
Defendant will not be prejudiced because it will be free to depose
Plaintiff again.  That, of course, assumes that Plaintiff will be
available to continue his deposition — an assumption which
undermines the claimed motivation for conducting the deposition on
September 25.  Moreover, it is inevitable that inconvenience and
unnecessary expense will be incurred by first conducting an
incomplete deposition, with an incomplete documentary record, and
then continuing it months later.

For these reasons, the Court concludes that: (1) Plaintiff has
failed to offer a valid justification for overcoming the normal
presumption that Defendant should determine the schedule on which
it deposes him, and (2) the deposition can be most meaningfully
undertaken, with the least expense and expenditure of time, and
without the need for subsequent deposition sessions, after
documentary discovery has been completed and there is a likelihood
that the motion to dismiss will have been decided.

7

For the foregoing reasons, Defendant's application for a protective order is hereby granted.

So Ordered.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: September 20, 2007
New York, New York

8