UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

MICHAEL P. TIERNEY,

      Plaintiff,

  -v-                                                     No. 06 Civ. 14302 (LTS)(THK)

OMNICOM GROUP, INC.,

      Defendant.

---------------------------------------------------------x

## MEMORANDUM ORDER

In this action brought against Defendant Omnicom Group Inc. ("Defendant" or "Omnicom"), Plaintiff Michael P. Tierney ("Plaintiff" or "Tierney"), in his Second Amended Complaint, raises several causes of action under New York common law concerning stock options that Omnicom allegedly promised to him. The Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332.

On July 11, 2007, the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's Amended Complaint. The Court also granted Plaintiff leave to replead two causes of action: his breach of contract claim in connection with an executed employment term sheet as orally modified by both parties, and his breach of contract claim(s) in connection with three separate stock option agreements. Tierney v. Omnicom Group, Inc., No. 06 Civ. 14302(LTS)(THK), 2007 WL 2012412 (S.D.N.Y. July 11, 2007) ("Tierney I").

Plaintiff filed his Second Amended Complaint (the "SAC") on July 20, 2007. Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's SAC in its entirety. In addition, Defendant moves to strike portions of Plaintiff's SAC

pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The Court has thoroughly considered all of the parties' submissions and arguments. For the following reasons, Defendant's motion to dismiss is denied, and Defendant's motion to strike is granted in part and denied in part.

BACKGROUND

The Court presumes familiarity with the facts alleged in Plaintiff's Amended Complaint, which were summarized by the Court in Tierney I. This section highlights only the allegations of the SAC that are materially different from those of the Amended Complaint. The following alleged facts are taken as true for the purposes of the instant motion practice. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).

In early 2001, Omnicom orally assured Tierney that stock options previously granted to him by Omnicom would remain exercisable by Tierney upon his transfer to Seneca or that Omnicom would "pay to Plaintiff at any time on or after the date of his transfer to Seneca ("Seneca Transfer Date") cash equal to the value of the Options calculated as of the Seneca Transfer Date." (SAC ¶ 30.) In exchange, Tierney agreed to be transferred to Seneca and continue his responsibilities there. (Id. ¶¶ 32-38.) The Seneca Transfer Date was May 1, 2001. (Id. ¶ 39.) (The Court will refer to this alleged set of terms and conditions as the "Modified Agreement.")

In late March 2004, Omnicom unilaterally informed Tierney that it would terminate the employment relationship between Omnicom and Tierney on March 31, 2004. Accordingly, Omnicom "involuntarily terminated [Tierney] as a reported employee of Omnicom and Seneca" on March 31, 2004. (SAC ¶¶ 82-84.) Omnicom did not terminate Tierney for cause or for reasons of disability or retirement, and Omnicom reported to the IRS and other third parties that Tierney's employment had been involuntarily terminated. (Id. ¶¶ 85-86.)

The SAC asserts five causes of action: breach of the Modified Agreement, breach of the Stock Option Agreements, quantum meruit, unjust enrichment and promissory estoppel. Tierney also alleges breaches of the implied covenant of good faith and fair dealing. (SAC ¶¶ 265, 274.)

DISCUSSION

In evaluating a motion to dismiss a pleading pursuant to Rule 12(b)(6), the Court must take as true the facts alleged in the claimant's pleading and draw all reasonable inferences in his favor. W. Mohegan Tribe & Nation v. Orange County, 395 F.3d 18, 20 (2d Cir. 2004); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).

In the following sections of this Memorandum Order, the Court considers, in turn, Defendant's arguments for the dismissal of each cause of action asserted in the SAC, with the exception of the good faith and fair dealing claims. Those claims will be addressed in the section concerning Defendant's motion to strike.

First Cause of Action: Breach of the Modified Agreement

Defendant argues that the Modified Agreement, which was not memorialized in writing, is unenforceable because it runs afoul of the New York Statute of Frauds. However, under to the Statute of Frauds, see N.Y. Gen. Oblig. Law § 5-701(a) (McKinney 2001 & Supp. 2007), if there is any possibility that an oral agreement, according to the parties' terms, can be performed within one year, the oral agreement need not be memorialized in writing to be enforceable. D & N Boening, Inc. v. Kirsch Beverages, Inc., 63 N.Y.2d 449, 455 (N.Y. 1984). As pled in the SAC, the Modified Agreement could have been performed within one year. In exchange for Plaintiff's

services, Omnicom promised that it would ensure the viability of his stock options or that it would pay to Plaintiff the cash value equivalent of the stock options calculated as of May 1, 2001, at any time after May 1, 2001. (SAC ¶ 30.) Since the Modified Agreement was allegedly formed in early 2001, Omnicom could have performed it within one year by choosing to give Plaintiff the cash value equivalent at any time in 2001. Therefore, the alleged Modified Agreement did not have to be in writing and Defendant's Statute of Frauds argument fails.[1]

Defendant further argues that the Modified Agreement is unenforceable for lack of definiteness -- specifically, Defendant argues that the Modified Agreement lacks a price term with regard to the stock options. However, the SAC does plead a specific price term in connection with the Modified Agreement. Plaintiff alleges that Omnicom promised that it would ensure the continued viability of the stock options in Paragraph 30; the specific strike prices of the stock options as referenced are listed in Paragraph 16. Therefore, the SAC is sufficiently specific as to the alleged price term.[2]

Defendant also argues that, "to the extent the Oral Modification is a modification to the [stock] options contracts" (Mot. to Dismiss at 13), the Modified Agreement is unenforceable because the Stock Option Agreements explicitly provide: "This Agreement may be amended only

---

[1] In Tierney I, the Court found that Plaintiff could not perform his obligations under the oral agreement as plead in the Amended Complaint within one year because the oral agreement was "part and parcel of a [written] agreement that was, by its terms, to be performed over a three-year period." Tierney I, 2007 WL 2012412, at *6. In the SAC, it is not so clear that the alleged Modified Agreement as plead was meant to also incorporate the three-year employment term of the written term sheet. Therefore, in drawing all reasonable inferences in favor of Plaintiff at the motion to dismiss stage, the Court does not construe the Modified Agreement as incorporating the three-year employment term of the term sheet. Therefore, Plaintiff, as well as Omnicom, could have performed under the Modified Agreement within one year.

[2] This argument was also raised in connection with the first motion to dismiss and rejected for the same reason described here. See Tierney I, 2007 WL 2012412, at *6.

by an instrument in writing executed and delivered by the Employee and Omnicom." (Stock Option Agreements, annexed to August 27, 2007, Declaration of Christopher R. Harris as Ex. 31-33 at § 9.) However, the SAC does not allege that the Modified Agreement is a modification of the Stock Option Agreements. While the pleadings in connection with the Modified Agreement are certainly not a model of clarity, it is sufficiently clear that the Modified Agreement is plead as a modification to the October 2000 employment term sheet and/or a separate oral agreement altogether. (See generally SAC ¶¶ 20-39.) Specific, written stock option contracts are referenced separately from the section of the pleadings discussing the alleged Modified Agreement. (See id. at ¶ 271 ("Defendant has willfully breached its promises and contractual undertakings, as reflected in the Options (the "Option Contracts").").) Therefore, Defendant's argument in connection with the Stock Option Agreements fails at this pleading stage.

Second Cause of Action: Breach of the Stock Option Agreements

Defendant raises several arguments to support its motion to dismiss as to Plaintiff's second cause of action. Citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (U.S. 2007), Defendant argues that Plaintiff cannot plausibly maintain that he was terminated from Seneca and/or Omnicom on March 31, 2004, because Plaintiff has allegedly made statements in other litigation and other contexts contradicting or undermining that allegation. However, Twombly does not require courts to examine evidentiary proffers outside the pleadings in order to determine plausibility on a motion to dismiss. Defendant may proffer such evidence in future stages of litigation but, on a motion to dismiss, the Court construes all of Plaintiff's allegations as true and evaluates whether, on the facts plead, the Plaintiff has plausibly framed his allegations of actionable conduct. Therefore, the Court construes as true the allegation that Plaintiff was both terminated

from Omnicom and terminated from Seneca as a reported employee of Omnicom on March 31, 2004, and his second cause of action stands to the extent that it relies on that alleged fact.[3] (See SAC ¶¶ 77-87.)

Defendant further argues that, as a matter of law, discontinued compensation alone does not constitute termination. However, Plaintiff does not premise his allegation of involuntary termination solely on the allegation that his compensation was discontinued. Rather, he alleges explicitly that his employment was terminated unilaterally and involuntarily. (SAC ¶ 84.)

Defendant has failed to put forth any viable grounds for dismissing Plaintiff's second cause of action. In Tierney I, this cause of action was dismissed without prejudice because Plaintiff had failed to plead that he was involuntarily terminated by Omnicom and/or an Omnicom Subsidiary on March 31, 2004. Tierney I, 2007 WL 2012412, at *8. Plaintiff now explicitly alleges that his employment with Omnicom and Seneca was terminated involuntarily. (SAC ¶¶ 82-84.) Therefore, Defendant's motion to dismiss is denied as to this cause of action.

Remaining Causes of Action: Quantum Meruit, Unjust Enrichment, and Promissory Estoppel

Quasi-contract claims must be dismissed where there undisputedly exists a valid written agreement, the scope of which clearly covers the quasi-contractual dispute between the parties. Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 587 (2d Cir. 2006) (citing Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 389 (N.Y.

---

[3] Defendant additionally argues that Plaintiff cannot plead that he was terminated from Omnicom because it would contradict pleadings that allege that Plaintiff was hired in October 2000 as President of Communicade rather than Omnicom. However, Plaintiff explicitly alleges that Communicade was a subsidiary of Omnicom. (SAC ¶ 10.) Therefore, this portion of Defendant's argument is rejected, just as a similar argument was rejected in Tierney I, 2007 WL 2012412, at *7.

1987)); Brown v. Brown, 12 A.D.3d 176, 176 (N.Y. App. Div. 1st Dep't 2004) (applying Clark-Fitzpatrick rule to promissory estoppel claim). In Tierney I, the Court rejected Defendant's argument that Schedule 3.7 precluded Plaintiff's quasi-contract claims. Tierney I, 2007 WL 2012412, at *8-*9. In this round of motion practice, Defendant argues that the Stock Option Agreements preclude Plaintiff's quasi-contract claims.

Plaintiff's request for quasi-contractual relief is premised on the services that Plaintiff rendered from the start of his employment with Omnicom in October 2000 up until March 31, 2004. Although there is no dispute that the Stock Option Agreements are valid, enforceable agreements, the scope of the Agreements cannot be said, at this stage of the proceedings, to clearly cover the services Tierney rendered during the whole of that time frame. Under the Stock Option Agreements, Plaintiff was entitled to benefits for services rendered so long as he was employed by Omnicom or an "Omnicom Subsidiary" (within the meaning of the Incentive Compensation Plan), among other necessary conditions, but no time frame whatsoever was specified. While there appears to be no material dispute that Tierney performed services through March 2004, there are disputes as to, inter alia, whether all of those services were performed in a capacity covered by the Stock Option Agreements. The Stock Option Agreements thus do not, at this stage of the proceedings, preclude Plaintiff's quasi-contractual claims for the alleged value of his services rendered during the specified employment period. Defendant's motion to dismiss Plaintiff's quasi-contractual claims is denied. See Joseph Stenberg, Inc. v. Walber 36th Street Assocs., 187 A.D.2d 225, 228 (1st Dep't App. Div. 1993) (quasi-contract claim permitted "where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue") (emphasis added); DeCiutiis v. Nynex Corp., No. 95 Civ. 9745(PKL), 1996 WL 512150, at *4 (S.D.N.Y. Sept. 9, 1996) (quasi-contract claim that plaintiff was entitled to recovery for his ideas

volunteered to employer dismissed because plaintiff plead existence of express contract clearly governing compensation for employee ideas).

Defendant's Motion to Strike

Defendant also moves to strike certain portions of Plaintiff's SAC pursuant to Rule 12(f) of the FRCP. Rule 12(f) provides:

(f) Motion To Strike.

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Defendant moves to strike Paragraph 84 of the SAC, which alleges: "Effective March 31, 2004, Omnicom involuntarily terminated Plaintiff as a reported employee of Omnicom and Seneca, and terminated the benefits, salaries and other elements of compensation Omnicom had provided to him since October 1, 2000 when he first joined Omnicom." Defendant makes numerous evidentiary submissions in an attempt to show that Plaintiff's allegations are false. However, Defendant fails to make any showing whatsoever as to how the facts alleged in Paragraph 84 are "redundant, immaterial, impertinent, or scandalous." Therefore, Defendant's motion to strike Paragraph 84 is denied.

Defendant also moves to strike the portions of the SAC which raise implied covenant of good faith and fair dealing claims. (See SAC ¶¶ 265-66, 272-74.) In Tierney I, the Court dismissed Plaintiff's good faith and fair dealing claims, without granting leave to replead those claims. Tierney I, 2007 WL 2012412, at *7-*8. Plaintiff argues that he pleads these claims out of an abundance of caution so as to preserve these claims on appeal. This concern is

unwarranted. P. Stolz Family P'ship L.P. v. Daum, 355 F.3d 92, 96 (2d Cir. 2004). Therefore, the good faith and fair dealing claims are immaterial, and Defendant's motion to strike Plaintiff's good faith and fair dealing claims as set forth in Paragraphs 265-266 and Paragraphs 272-274 is granted. See In re Alstom SA Secs. Litig., 454 F. Supp. 2d 187, 216-17 (S.D.N.Y. 2006) (granting motion to strike causes of action in amended complaint that were immaterial as they were previously dismissed); Turk v. Chase Manhattan Bank USA, NA, No. 00-Civ-1573, 2001 WL 736814, at *4 (S.D.N.Y. June 11, 2001) (granting motion to strike previously dismissed causes of action).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Second Amended Complaint is denied in its entirety. Defendant's motion to strike Paragraphs 265-266 and Paragraphs 272-274 from the SAC is granted, and Defendant's motion to strike Paragraph 84 is denied.

Accordingly, the stay of discovery ordered on October 23, 2007, is hereby lifted, and the Clerk of Court is respectfully requested to terminate Docket Entries 31 and 33.

SO ORDERED.

Dated: New York, New York
December 19, 2007

LAURA TAYLOR SWAIN
United States District Judge